## GORDON v. CHRISTIAN.
### No. 9921.

Court of Civil Appeals of Texas.
Galveston.
July 5, 1934.

Rehearing Denied July 19, 1934.

W. H. Dunlay, of Houston, for plaintiff in error.

Charles H. Taylor, of Houston, for defendant in error.

LANE, Justice.

B. T. Christian, on the 1st day of June, 1931, borrowed $200 from L. U. Gordon, who was doing business under the name of Houston Auto Finance Company. For the money loaned and the further sum of $4.80 paid by Gordon for insurance premiums on Christian's automobile hereinafter mentioned, B. T. Christian executed and delivered to Gordon his note or notes for the sum of $278, which were payable in ten installments of $27.80 each, one on the 1st day of July, 1931, and one each on the 1st day of each succeeding month until all were paid. To secure payment of such indebtedness, Christian executed and delivered to Gordon a mortgage upon a certain automobile owned by him.

Christian paid Gordon two of such installments. After said two payments were made, Christian traded automobiles with one Rippenhagen. By such trade Christian took Rippenhagen's car at $120 and Rippenhagen took Christian's car at $350; Rippenhagen obligating himself to pay Christian $230 difference in the value of the two cars. To raise the money with which to pay the $230 and to satisfy the indebtedness owing by Christian to Gordon secured by a mortgage on the Christian car, Rippenhagen, having no money with which to pay Christian the $230, got the Guaranty Finance Company to make him a loan on the Christian car. Procuring such loan, the Guaranty Finance Company demanded that the lien held by Gordon, under the name of Houston Auto Finance Company, executed by Christian, be released, and to accomplish such purpose it issued to Gordon, under the name of Houston Auto Finance Company, its check to pay the balance due by Christian to Gordon. This check was indorsed by Rippenhagen and delivered to Gordon to discharge Christian's debt to Gordon, thus paying such debt with money owing by Rippenhagen to Christian. The debt being fully paid, the note or notes executed by Christian was returned to him. After the debt was so paid, Christian brought this suit in the justice court against Gordon to recover the sum of $150, alleged to be double the amount of usurious interest contracted for and paid by Christian to Gordon.

Upon trial in the justice court, judgment was rendered for defendant Gordon, and the cause was carried by appeal to the county court at law of Harris county by Christian.

Plaintiff, Christian, alleged that on June 1, 1931, he borrowed $200 from defendant, Gordon; that for such sum he executed and delivered to Gordon, upon his demand therefor, his (plaintiff's) note for the sum of $278, and to secure payment thereof he executed and delivered to Gordon a mortgage on his automobile; that plaintiff was compelled by Gordon to pay him in full said sum of $278; that of such sum so paid $65 was interest charged on the $200 borrowed for ten months. Plaintiff prayed for a recovery of double the amount of the interest so demanded by Gordon and paid to Gordon by him, to wit, $130.

Defendant, Gordon, answering, pleaded a general demurrer, a general denial, and specially alleged that, "if any usurious interest was in any way paid by the plaintiff to the defendant, which was not admitted but expressly denied, there had been a full and complete compromise, settlement, accord and satisfaction with reference thereto between the plaintiff and the defendant, and the transaction was wholly purged of any alleged usury, such usury not being admitted by the defendant but expressly denied, and the plaintiff had waived any right and was estopped to recover any penalty for the same."

The cause went to trial in the county court before the court without a jury, and upon

such trial judgment was rendered for B. T. Christian against L. U. Gordon for the sum of $120, with interest thereon at the rate of 6 per cent. per annum from date of judgment until paid.

The case is now before this court upon writ of error sued out by L. U. Gordon.

For reversal of the judgment rendered against him, plaintiff in error contends that, in order to entitle defendant in error to a recovery of the statutory penalty (Vernon's Ann. Civ. St. art. 5073) for usurious interest alleged to have been paid by him to plaintiff in error upon a contract therefor he must show that he in fact paid such usurious interest to plaintiff in error, and, since the undisputed evidence shows that no such interest was paid by defendant in error, but that, if any usurious interest was paid to plaintiff in error by any one upon the contract in question, it was not paid by defendant in error, but was paid by some third person; wherefore the judgment should be reversed and judgment here rendered for him.

We have stated facts which should govern the disposition of this appeal in our preliminary statement, and it is not necessary to repeat them here, further than to say that the undisputed evidence shows that the money received by plaintiff in error, in payment of the indisputably usurious contract, was money which Rippenhagen owed to defendant in error, B. T. Christian, and which was the money of Christian. It is thus shown that Christian and no one else paid the usurious interest which he sued for in this case.

The judgment is affirmed.

Affirmed.